UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ISRA-EL BEY,

                      Plaintiff,                              **MEMORANDUM AND ORDER**

         - against -                                     17-CV-4488 (RRM) (LB)

279 CAPITAL LLC, BH EAST 95TH ST LLC,
BH 279 EAST 95TH ST. LLC,
ELLIOT FRANKEL, ELIEZER LEWARTOWSKI,
DANIEL GNIWISCH, and MARTIN STEIN,

                     Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      On July 26, 2017, *pro se* plaintiff Isra-El Bey filed this action seeking damages and an order barring defendants from evicting him from 279 East 95th Street ("the Property"), foreclosing on the Property, or otherwise transferring the Property. (Compl. (Doc. No. 1) at 3.) The Court grants Bey's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As explained below, Bey has not established a basis for this Court to exercise subject-matter jurisdiction over this action. Accordingly, Bey's complaint is dismissed with leave to amend within 30 days of the date of this Order. If Bey fails to amend his complaint and adequately plead a basis for subject-matter jurisdiction within 30 days of the required date, judgment may enter against him.

## BACKGROUND

      The following facts are taken from Bey's complaint and are assumed to be true for the purposes of this Memorandum and Order. Bey purports to be a "Moor American – a Descendant of the Ancient Moabites / Moors" and therefore not a citizen of the United States. (Compl. at 3.) The Property at issue was abandoned by the previous owner in 2006, and Bey and his family

have resided at the Property since at least 2014, when proceedings were initiated against him by defendants in Kings County Housing Court. (*Id.* at 4.) In 2016, defendants allegedly forcibly evicted Bey and other residents of the Property as squatters. (*Id.* at 5.) According to Bey, defendants used "unlawfully acquired judgments" to evict him, "forc[ing] children, elderly and sickly members of [his] family and guests from [his] home out on the streets." (*Id.* at 4.) Bey maintains that the Property is his home and that defendants have no right to remove him or his family from it. (*Id.*) Bey seeks damages, intervention in the Housing Court matter, an order enjoining the eviction, sale, or transfer of the Property, and an order that "[a]ll unconstitutional 'Orders' or 'Actions' associated with [his] Land, domicile and property . . . be dismissed." (*Id.* at 7.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the same time, a court must construe a *pro se* litigant's pleadings liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Further, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks omitted) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I.   Subject-Matter Jurisdiction

The instant complaint appears to exclusively concern a state court housing matter. Federal courts generally do not have federal question jurisdiction over landlord-tenant matters. *See Southerland v. N.Y. City Hous. Auth.*, No. 10-CV-5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against the New York City Housing Authority because federal courts do not have subject-matter jurisdiction over landlord-tenant matters); *Oliver v. N.Y. City Hous. Auth.*, No. 10-CV-3204 (ARR), 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) ("federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters"). To the extent Bey alleges that defendants are violating his constitutional rights, this analysis is unchanged, as Bey fails to allege any facts

showing that defendants acted under color of state law.  *See, e.g.*, *Trang v. Concris Realty Co.*, No. 05-CV-5441 (RJD), 2005 WL 1398004, at *2–3 (E.D.N.Y. June 14, 2005) (dismissing complaint for lack of jurisdiction where plaintiff's purported claims under § 1983 for violation of federal due process arose from landlord-tenant dispute and plaintiff did not allege facts that defendant acted under color of state law).  Finally, while Bey does allege violations of numerous federal statutes, he does not explain how any of those federal statutes were violated by defendants.  (Compl. at 2.)  Accordingly, these statutes do not provide a basis for this Court to exercise federal question jurisdiction.

The complaint also fails to provide a basis for the exercise of diversity jurisdiction.  28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants.  Both Bey and defendants, according to the addresses provided by Bey, are located in New York.  (Compl. at 1–2.)  Contrary to his statement that he is a "Moor American…not a citizen of the United States," (Compl. at 3), Bey's claim to Moorish or sovereign citizen status does not support diversity jurisdiction.  *See, e.g.*, *Smith ex rel. Bey v. Kelly*, No. 12-CV-2319 (JS) (AKT), 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) ("The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.").  Because Bey has not alleged a basis for federal question jurisdiction or diversity jurisdiction, the Court must dismiss Bey's action for lack of subject-matter jurisdiction.

**II.    Leave to Amend**

Given the "special solicitude" afforded *pro se* litigants, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), a Court generally should not dismiss a *pro se* complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.

4

1991). The Court cannot rule out the possibility that Bey can plead a basis for subject-matter jurisdiction and therefore grants Bey leave to file an amended complaint. If Bey elects to amend his complaint, he must plead facts sufficient to establish that the Court has federal question or diversity jurisdiction over the claims alleged in the amended complaint. *See* 28 U.S.C. §§ 1331–32.

Bey is informed that an amended complaint will replace the prior complaint in this action and thus must stand on its own, without reference to the prior complaint. Therefore, Bey must include in the amended complaint all necessary information that was contained in the prior complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

## CONCLUSION

Bey's request to proceed *in forma pauperis* is granted. Bey's complaint is dismissed for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3). Bey is granted 30 days' leave, from the date of this Order, to file an amended complaint. If Bey fails to comply with this Order within the time allowed, or fails to cure the deficiencies discussed herein, judgment may enter against him. No summons shall issue at this time and all further proceedings shall be stayed for 30 days from the date of this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order and the docket sheet to the *pro se* plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
May 19, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge